IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

K<span>HANH</span> V<span>AN</span> V<span>O</span>,

    Plaintiff,

vs.                              Case No. 10-1397-JTM

M<span>ICHAEL</span> J. A<span>STRUE</span>,
Commissioner of Social Security,

    Defendant.

MEMORANDUM AND ORDER

Khanh Van Vo's request for relief from a final decision of the Commissioner of Social Security is denied. Vo applied for disability, disability insurance, and supplemental security income benefits under Titles II and XVI of the Social Security Act. *See* 42 U.S.C. §§ 401 *et seq*; 42 U.S.C. §§ 1381 *et seq*. Vo, formerly a meat handler, and forty-one at the time, contends a variety of impairments caused disability, including chronic bilateral shoulder, neck, and arm pain. After a hearing, an Administrative Law Judge issued a decision denying his application (Tr. 10-19). The Social Security Administration Appeals Council denied Vo's request for review (Tr. 1-6).

Vo alleges three general errors. First, that the ALJ did not assign proper controlling weight to the claimant's treating physicians under Social Security Ruling (SSR) 96-2p. Second, that the ALJ did not conduct a proper credibility analysis of Vo's subjective symptoms under SSR 96-7p. Third, that the ALJ did not conduct a proper function-by-function assessment under SSR 96-8p. SSRs are binding on an ALJ. *Sullivan v. Zebley*, 493 U.S. 521, 531 n.9 (1990).

**I. General Legal Standard**

The Social Security Act provides that "findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court only reviews the Commissioner's decision for legal error and for support by substantial evidence. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Raymond v. Astrue*, 621 F.3d 1269, 1271-72 (10th Cir. 2009). Evidence is insubstantial when overwhelmingly contradicted by other evidence. *Threet v. Barnhart*, 353 F.3d 1185, 1189 (10th Cir. 2003). The court will not weigh evidence or substitute its judgment for that of the Commissioner. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). But findings are not affirmed without scrutinizing the entire record to determine if the Commissioner's conclusions are rational. *Graham v. Sullivan*, 794 F. Supp. 1045, 1047 (D. Kan. 1992).

The Social Security Administration uses a five-step process for determining whether an individual is disabled. *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004); 20 C.F.R. § 404.1520(a). If a claimant is found to be disabled or not disabled at any step, the process ends. *Sorenson v. Bowen*, 888 F.2d 706, 710 (10th Cir. 1989). The first three steps require an evaluation of whether: (1) the claimant has engaged in gainful activity since the disability began; (2) the claimant has severe physical or mental impairments; and (3) the severity of the impairments meets or equals a specific list of impairments. *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 404.1520. When the impairment does not meet or equal a listed impairment, the ALJ makes "a finding about [the claimant's] residual functional capacity based on all the relevant medical and other evidence in [the] case record." 20 C.F.R. § 404.1520(e); 20 C.F.R. § 416.920(e).

After assessing the claimant's residual functional capacity, the Commissioner moves to steps four and five, which require assessing whether the claimant can perform past relevant work and whether the individual can generally perform other work existing in the national economy. *Fischer-Ross*, 431 F.3d at 731; 20 C.F.R. § 404.1520. The claimant bears the burden of proof through step four, but the burden shifts to the Commissioner at step five. *Fischer-Ross*, 431 F.3d at 731.

Vo's allegations of error concern steps two and three, and the assessment of residual functional capacity.

**II. Proper Controlling Weight to Treating Sources Under SSR 96-2p**

   *A. SSR 96-2p Legal Standard*

The Tenth Circuit has explained the nature of the inquiry regarding a treating source's medical opinion. *See Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). The ALJ first determines "whether the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques.'" *Id*. If so, the ALJ must confirm that it is consistent with other substantial evidence. *Id*. "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." *Id*.

If the treating source opinion is not given controlling weight, the inquiry does not end. *Id*. A treating source opinion is "still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927." *Id*. Those factors are: (1) length of treatment relationship and frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the

3

opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Id*. at 1301; 20 C.F.R. §§ 404.1527(d)(2-6), 416.927(d)(2-6); *see also Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001). After considering the factors, the ALJ must give reasons for the weight he gives the treating source opinion. *Watkins*, 350 F.3d at 1301. If the ALJ completely rejects the opinion, he must provide specific, legitimate reasons. *Id*. (citing *Miller v. Chater*, 99 F.3d 972, 976 (10th Cir. 1996)).

*B. SSR 96-2p Analysis*

Vo did not specify which medical opinions the ALJ improperly weighed. The ALJ considered six doctors' opinions. It does not appear from the record that any other doctors had significantly different opinions than those considered. Dr. Murati's opinion was "given substantial weight as it is well supported and consistent with the evidence" (Tr. 16). The opinions of four other doctors – Lucas, Hufford, Stein, and Eyster – were found to be "generally supported and consistent with the evidence" (Tr. 16). The ALJ did not explicitly state that these doctors' were well supported by medical techniques. *See Watkins*, 350 F.3d at 1300. But it may inferred that the ALJ gave them controlling weight because she found the doctors' opinions were supported and consistent with the evidence. *See id*. While the ALJ also says the opinions are given substantial weight only to the extent they are consistent with the residual functional capacity assessment, the assessment generally adopts the restrictions recommended by the various physicians, sometimes exceeding them. Thus, the ALJ's findings as to these doctors' opinions actually favor Vo.

The opinion of Dr. Schell, however, was given less weight (Tr. 16). Schell indicated Vo had

4

severe limitations due to mental functioning, and that Vo had a mildly mentally retarded level of intelligence.[1] The ALJ noted Vo worked for many years, and that the record, aside from Schell's report, does not have indications of mental retardation (Tr. 16). She noted Vo mentioned no difficulties with task completion, limited persistence, slow pace, or stress when questioned about them in his Function Report submitted to the Social Security Administration (Tr. 13). Dr. Schell's findings were based on only two hours of testing, (Tr. 271), and Dr. Schell indicated the test that found a mildly retarded level of intelligence had limited validity because of Vietnamese-English translation issues (Tr. 274). These are sufficient reasons for a reasonable mind to conclude Dr. Schell's opinion should not be given controlling weight. *See Raymond*, 621 F.3d at 1271. Vo's SSR 96-2p allegation is without merit.

**III. Proper Credibility Analysis Under SSR 96-7p**

    *A. SSR 96-7p Legal Standard*

As part of the evaluative process, the ALJ must consider (1) whether the claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a loose nexus between the proven impairment and the claimant's subjective allegations of pain; and (3) if so, whether considering all the evidence, both objective and subjective, the claimant's pain is in fact disabling. *Wilson v. Astrue*, 602 F.3d 1136, 1144 (10th Cir. 2010); *Luna v. Bowen*, 834 F.2d 161, 163 (10th Cir. 1987). When looking at the "loose nexus," the ALJ must evaluate the intensity, persistence, and limiting effects of the individual's symptoms. SSR 96-7p, 1996 WL 374186, at *1

---

[1] The ALJ indicates that even if Vo had severe mental impairments, that simple, unskilled work would accommodate the limitations. (Tr. 16).

(July 2, 1996). If an individual's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on consideration of the entire case record. *Id*. The court may consider: (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate the symptoms; (5) treatment for relief of the symptoms; (6) measures other than treatment used to relieve the symptoms (e.g. rest); and (7) any other factors. *Id*. at *3.

Formalistic factor-by-factor recitations of evidence are unnecessary. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). An ALJ must articulate specific reasons for questioning a claimant's credibility when subjective pain testimony is critical. *Wilson*, 602 F.3d at 1144. The court usually defers to ALJ credibility determinations because they are "peculiarly the province of the finder of fact." *Diaz v. Sec. of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990); *see also Casias v. Sec. of Health & Human Servs.*, 933 F.2d 779, 801 (10th Cir. 1991).

### B. SSR 96-7p Analysis

The ALJ found objective pain-producing impairments, stating "[c]laimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms" (Tr. 15). She found two severe impairments: degenerative changes in the neck and shoulders, and a history of carpal tunnel syndrome in the right hand (Tr. 12, 15). She also found Vo's "medically determinable mental impairments of bipolar I disorder, generalized anxiety disorder, insomnia, pain disorder associated with both psychological factors and general medical condition, and amnestic

disorder . . . or dementia not otherwise specified, considered singly and in combination" did not cause more than minimal limitation on Vo's ability to perform basic mental work activities (Tr. 12).

The crux of the issue is whether a loose nexus exists between the proven objective impairments and the subjective allegations of pain, and whether the nexus results in sufficient disability. The ALJ determined Vo's statements concerning the intensity, persistence and limiting effects of his symptoms were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (Tr. 15).

The ALJ found Vo able to do less than a full range of sedentary work as defined in 20 C.F.R. 404.1567(a) and 416.967(a), but able to lift more than fifteen pounds occasionally or frequently, and to stand, walk, or sit, at least six hours in an eight hour day (Tr. 14). Further, Vo could not perform work requiring repetitive bending or twisting of the neck, work in temperatures below sixty-eight degrees, do above-shoulder work, do work more than twenty-four inches from the body, use vibratory tools, climb ladders, or do repetitive grip or grasp (Tr. 14). Vo was able to do frequent grip and grasp, and was limited to simple, unskilled work (Tr. 14).

The ALJ noted Vo's testimony that he looked for work every day was inconsistent with someone who believes he is incapable of working (Tr. 16). She noted Vo's statements that he takes his son to school, spends time cleaning, has no problems with personal care, does household chores, goes out daily, and drives (Tr. 14). She noted Vo testified he has to rest for ten to fifteen minutes every hour or two due to neck and shoulder pain (Tr. 14). Sporadic performance of household tasks does not establish that a person is capable of engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1490 (10th Cir. 1993). Engaging in such tasks, however, is pertinent to the credibility inquiry. *See Wilson*, 602 F.3d at 1145; *Bean v. Chater*, 77 F.3d 1210, 1213 (10th Cir.

1995). Further, the ALJ found evidence showing good movement and no instability in x-rays of Vo's spine; possible straightening of the spine, but no disk herniation or neural compression; good motion of the shoulders and no impingement; and no reflex, sensation, tone, pulse, skin or nail abnormality of the upper extremity (Tr. 14-15). In oral testimony, Vo mentioned only occasional pain or numbness in his right hand (Tr. 30), occasional pain in his shoulders when he carries "hard" things (Tr. 31), occasional pain in his neck (Tr. 32), and that he only has to rest fifteen minutes out of every hour (Tr. 37).

The ALJ took Vo at his word on many credibility issues. For example, Vo's statements about his need for rest were incorporated into the RFC findings (Tr. 14). The ALJ did not discredit Vo's testimony about stress, worry about bills, feelings of worthlessness, and trouble concentrating. Rather, she found simple, unskilled work would accommodate any mental limitations (Tr. 16). To the extent the ALJ did not find Vo's allegations of disability fully credible, she mentioned a very specific reason – Vo was looking for work every day (Tr. 16). *See Wilson*, 602 F.3d at 1144. Ample evidence exists for a reasonable mind to accept the ALJ's conclusions, much of it noted by the ALJ. *See Raymond*, 621 F.3d at 1271. Thus, the ALJ's credibility determinations are upheld.

**IV. Proper RFC Determination Under SSR 96-8p**

SSR 96-8p requires the ALJ's RFC determination to consider all limitations and restrictions imposed by an individual's impairments, including non-severe impairments, on a function-by-function basis. SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996). An RFC analysis determines the most an individual can do after considering the effects of an individual's impairments. *Id*. at *1. Vo argues that his impairments meet or equal the list of impairments found in 20 C.F.R. Part 404,

Subpart P, Appendix 1. He does not say what listing his impairments allegedly meet or equal. If his impairments met or equaled a listed impairment, an RFC analysis would not be necessary, making SSR 96-8p inapplicable. *See id*. at *3 ("RFC is an issue only at steps 4 and 5 of the sequential evaluation process."). Nevertheless, the medical reports as discussed by the ALJ, and the record as a whole, provide substantial evidence for the finding that there are no impairments that meet or equal the criteria described in the listings of impairments.

Vo also asserts that the ALJ has not considered the "true extent" of his impairments, and "has not made truly responsive and complete interconnections or anchoring regarding the plaintiff's complete physical condition" in the RFC assessment (Pl.'s Br. 26). This argument only rehashes the weight and credibility arguments discussed above, and, as noted, is not supported in the record.

IT IS ACCORDINGLY ORDERED this 23rd day of November, 2011, that the present appeal is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE